

FILED & ENTERED

MAY 27 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

## ORDER NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>DONG YUN PARK and<br>JUNG AE PARK,<br><br>Debtors. | Case No. 2:13-bk-25652-RK<br><br>Chapter 7<br><br>Adv. No. 2:13-ap-01897-RK |
| ANGEL IMPORTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DONG YUN PARK and<br>JUNG AE PARK,<br><br>Defendants. | **ORDER APPROVING IN PART AND DISAPPROVING IN PART STIPULATION FOR JUDGMENT** |

On January 29, 2015, the parties in this adversary proceeding filed a Stipulation for Entry of Judgment for Nondischargeability of Debt between Plaintiff Angel Imports, LLC ("Angel Imports" or "Plaintiff") and Defendants Dong Yun Park and Jung Ae Park (the "Parks" or "Defendants") (the "Stipulation"). ECF 49. The Stipulation and lodged judgment would except from discharge a debt of $1,514,732.06 owed by the Parks to Angel Imports, pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). Based on the record before the court at the time that the Stipulation was filed, the court was not

satisfied that Plaintiff had established a prima facie case for liability of Defendants under those provisions of the Bankruptcy Code in order for the court to approve the Stipulation, and therefore, issued an Order to Show Cause Why Plaintiff is Entitled to the Full Amount Requested on February 3, 2015.  ECF 51.  In response to the Order to Show Cause, Plaintiff submitted a supplemental brief responding to that order to show cause on February 10, 2015.  ECF 54.  However, the court determined that this supplemental brief did not fully address its concerns regarding the adequacy of Plaintiff's evidentiary showing in support of the Stipulation, and at the hearing on the order to show cause on February 17, 2015, the court ordered Plaintiff to submit further briefing.  In response to the court's directive, Plaintiff submitted its Second Supplemental Brief on March 17, 2015, which set forth Plaintiff's rationale for why it is entitled to prejudgment interest of 10 percent for some of its claims based on California Probate Code §§16440(a)(1) and 16441(a)(1).  ECF 60.  The court entered an Order for Further Briefing and Continuance of Hearing on Proposed Judgment on March 30, 2015, asking Plaintiff to explain its argument for liability and prejudgment interest.  ECF 64.  In response to this order, Plaintiff filed its Supplemental Third Brief on May 12, 2105. ECF 67.

Based on this record, including the supplemental filings by Plaintiff as described herein, as well as Defendants' consent to judgment as set forth in the Stipulation and the lack of objection to entry of judgment or any of Plaintiff's supplemental filings, the court is now satisfied that Plaintiff has made an adequate evidentiary and legal showing that it has established a prima facie case to support a finding of nondischargeability of debt owed by Defendants to Plaintiff under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6), though only under the embezzlement test of § 523(a)(4), and not under the other test of this subsection for fraud or defalcation while acting in a fiduciary capacity.

**Plaintiff Has Not Made a Prima Facie Case Under 11 U.S.C. § 523(a)(4) for Fraud or Defalcation in a Fiduciary Capacity**

To establish liability under the tests of fraud or defalcation while acting in a fiduciary capacity of 11 U.S.C. § 523(a)(4), the fiduciary relationship must be one arising

1    from an express or technical trust.  4 March, Ahart, and Shapiro, *California Practice*

2    *Guide: Bankruptcy*, ¶22:609 (2014), *citing inter alia, In re Cantrell*, 329 F.3d 1119, 1125

3    (9th Cir. 2003) and *In re Honkanen*, 446 B.R. 373, 378 (9th Cir. BAP 2011).  According to

4    Plaintiff, Defendants agreed to guarantee the obligations of Hip & Hip, Inc., a California

5    corporation and a managing member of Plaintiff, under the 2006 Agreements, and Hip &

6    Hip, Inc., had agreed under these agreements to sell Plaintiff's products and collect the

7    sales proceeds and hold them in trust for Plaintiff.  *Proposed Findings of Fact and*

8    *Conclusions of Law attached to Plaintiff's Third Supplemental Brief*, ECF 68; *Joint Pretrial*

9    *Order*, ECF 35 at 2, ¶ 8.  "Under California law an express trust requires five elements:

10    (1) present intent to create a trust; (2) trustee; (3) trust property; (4) a proper legal

11    purpose; and (5) a beneficiary.  California Probate Code §§ 15201-15205; *Keitel v.*

12    *Heubel*, 103 Cal. App. 4th 324, 337 (2002)(citation omitted).  A technical trust under

13    California law is described as "those arising from the relation of attorney, executor, or

14    guardian, and not to debts due by a bankrupt in the character of an agent, factor,

15    commission merchant, and the like."  *Royal Indemnity Co. v. Sherma*n, 124 Cal. App. 2d

16    512, 515 (1954); *Young v. Clark*, 7 Cal. App. 194, 196 (1907).  A technical trust is not one

17    implied by contract.  *Young v. Clark*, 7 Cal. App. at 197; *In re Honkanen*, 446 B.R. 373,

18    378-379 and nn. 6 and 7. Here, the record before the court indicates that the relationship

19    between Plaintiff and Defendants was contractual, i.e., Defendants agreed to guarantee

20    the contractual obligations of Hip & Hip, Inc., which agreed to sell Plaintiff's products,

21    collect and hold in trust the sales proceeds, and if any party is to be deemed a trustee, it

22    would be Hip & Hip, Inc., a separate legal entity from Defendants.  Thus, the evidence in

23    the record is insufficient to show that there was an intent by the parties to create a trust,

24    to designate Defendants as trustees, or to identify trust property to be held by Defendants

25    as trustees, which means this was not an express or technical trust as to Defendants,

26    and taking it out of the scope of liability under 11 U.S.C. § 523(a)(4) for fraud or

27    defalcation while acting in a fiduciary capacity.  Therefore, the court determines that

28    Plaintiff has not submitted sufficient evidence to show that Defendants were in a fiduciary

1  relationship with it arising from an express or technical trust, and thus, it has not made a

2  prima facie case for relief under the fraud or defalcation tests of 11 U.S.C. § 523(a)(4).

3  **Plaintiff Is Entitled to a Partial Award of Prejudgment Interest**

4  Plaintiff contends that it is entitled to prejudgment interest based on the application

5  of state law in California Probate Code §16440(a)(1), describing that statute as providing

6  that "Under California law, a trustee who commits a breach of trust is liable for the 'loss or

7  depreciation in value of the trust estate resulting from the breach of trust.'"  *See Plaintiff's*

8  *Second Supplement Brief*, ECF 60 at 9:1-7 (page:line(s)).  As discussed above, Plaintiff

9  has not shown that a trust was created by Defendants, or that Defendants were acting as

10  trustees. California Probate Code §82(a) defines a trust to include:  "(1) An express trust,

11  private or charitable, with additions thereto, wherever and however created.  (2) A trust

12  created or determined by a judgment or decree under which the trust is to be

13  administered in the manner of an express trust."  Because no trust was created here as

14  between Plaintiff and Defendants, California Probate Code §16440 does not apply, and

15  Plaintiff is not entitled to prejudgment interest for the $479,614.50 portion of the debt

16  owed by Defendants based on the claim under 11 U.S.C. § 523(a)(4) allegedly

17  attributable to Defendants' breach of trust.

18  Plaintiff argues that it is entitled to prejudgment interest on the $782,256 portion of

19  the debt owed by Defendants to it based on the claim under 11 U.S.C. § 523(a)(2)(A)

20  based on the federal judgment rate of interest under 28 U.S.C. § 1961(a).  *See Plaintiff's*

21  *Second Supplemental Brief*, ECF 60 at 10:23-12:2, *citing inter alia, Payne v. Brace (In re*

22  *Brace*), 131 B.R. 612 (Bankr. W.D. Mich. 1991).  Parties such as Plaintiff may be entitled

23  to prejudgment interest as "an element of complete compensation."  3 Jones, Rosen,

24  Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶

25  19:511 at 19-114.2 (2014), *quoting, West Virginia v. United States,* 479 U.S. 305, 310

26  (1987).  "In the absence of an applicable federal statute, prejudgment interest is

27  discretionary with the court."  *Id.,* ¶ 19:512.  As explained by one commentary,

28  "[p]rejudgment interest is awarded to compensate a party for the lost opportunity to use

4

his or her money between the time a claim accrues and the time of judgment." *Id.,* ¶ 19:511.1 at 19-114.2, *citing inter alia, West Virginia v. United States,* 479 U.S. at 308-309 and *Bernard v. Theobald,* 721 F.3d 1069, 1078 (9th Cir. 2013).  The court determines that prejudgment interest should be awarded at the federal judgment rate as computed by Plaintiff in the amount of $13,378.51 (debt of $782,256.00 x (0.34% ÷ 365 days per year) x 1,836 days).  *See Plaintiff's Second Supplemental Brief*, ECF 60 at 10:23-12:2. The court so exercises its discretion to award prejudgment interest in the absence of an applicable federal statute in that the parties agreed in the Stipulation that Plaintiff should be awarded prejudgment interest, and such an award furthers the purpose of affording complete compensation to Plaintiff. *West Virginia v. United States,* 479 U.S. at 310.

Based on inclusion of proper prejudgment interest, the court determines that $479,614.50 + $782,256.00 + $13.378.51 = $1,275,249.01 is the proper amount of the judgment that Plaintiff is entitled to.

Accordingly, it is HEREBY ORDERED as follows:

1. The stipulation for judgment entered into by Plaintiff and Defendants is approved in part and disapproved in part.

2. The court determines that a total debt of $1,275,249.01 owed by Defendants to Plaintiff should be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) (embezzlement) and 523(a)(6), including prejudgment interest.

3. A judgment consistent with the analysis set forth in this order will be separately entered.

///
///

1    4.  In light of the court's rulings as set forth in this order, the continued hearing on

2        the matter set for June 2, 2015 at 3:00 p.m. is hereby vacated.

3   IT IS SO ORDERED.

4                           ###

Date: May 27, 2015

_____

Robert Kwan
United States Bankruptcy Judge